OPINION OF THE COURT
Joseph B. Goldman, J.
In this summary nonpayment proceeding petitioner seeks 19 months’ rent at $926.50 per month or $17,603.50, and respondents assert a breach of warranty of habitability in that they have been deprived of elevator services. They also complain of holes in walls and ceiling, dirty halls and vermin infestation.
*1039 Respondents, concededly protected by Multiple Dwelling Law article 7-C (Loft Law), reside on the third floor of 257 Church Street, a five-story loft building and petitioner resides on the second floor. The three other tenants reside on the fifth, fourth and ground floors.
From January 1979 through December 1982, respondents executed a series of one-year leases.
The New York City Loft Board Regulations (Relating to Registration and Minimum Housing Maintenance Standards) § 3 (A) (9) provide "The landlord shall not diminish or permit the diminution of legal freight and/or passenger elevator service and shall cause said service to be maintained in good working order.”
Petitioner argues that because elevator services were expressly precluded by the lease they need not be provided. However, under the Rent Stabilization Law and Code the landlord must provide the services required to be provided or actually provided on the lease date. This court holds that logic requires the same test be made applicable to the Interim Multiple Dwelling Law.
What then was actually provided on the lease date? The court finds that elevator service was actually being supplied to the respondents on June 21, 1982. The petitioner had given respondents a key to the elevator. In 1982 he changed the lock on the elevator door but nevertheless gave a new key to respondents who continued to use the elevator until 1984 when petitioner bolted the elevator door only on the respondents’ floor.
Petitioner’s claim to have been unaware of respondents’ use of the elevator prior to his bolting the door is not credible. Respondents’ uncontroverted testimony was that when they wished to use the elevator they would contact the person on whose floor it was located who would allow them access to the elevator. With petitioner living in the building, it is inconceivable that petitioner was unaware of respondents’ use of the elevator.
Final judgment of possession for petitioner against respondents for $16,723.32 ($17,603.50 less 5% abatement for breach of warranty of habitability for 19 months).
Petitioner is directed to restore elevator service to respondent forthwith.